UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. MARY'S CEMENT U.S. LLC, a Delaware
limited liability company,

        Plaintiff,

v.

TRUE GRIT OIL, POWER, WIND, SOLAR
AND BROADBAND SERVICES LLC D/B/A/
TRUE GRIT INDUSTRIES, a Wyoming limited
liability company, STEVEN STEVENSON, an
individual, and GEORGE STEVENSON, an
individual.

        Defendants.
_____/

Case No. 1:24-cv-1291

Hon. Jane M. Beckering

## REPORT AND RECOMMENDATION

Plaintiff St. Marys Cement U.S. LLC ("St. Marys"), filed a complaint alleging breach of contract against True Grit Oil, Power, Wind, Solar and Broadband Services LLC ("True Grit") in Count I, and conversion against True Grit, Steven Stevenson and George Stevenson, Court II. (ECF No. 1).

The Clerk entered a default of all defendants pursuant to Fed. R. Civ. P. 55(a) (ECF No. 25). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013). This matter is now before the Court on plaintiff's Motion for default judgment brought pursuant to Fed. R. Civ. P. 55(b) (ECF No. 26). *See* Minutes of Motion Hearing (ECF No. 36).

### I.     Background

St. Marys is a manufacturer of concrete. True Grit is a limited liability company, its two members are defendants Steven Stevenson and George Stevenson. In November 2022, St. Marys and True Grit entered into a written contract under which True Grit would pay St. Marys $105,000 to raze or demolish St. Marys manufacturing site in Charlevoix, Michigan and remove certain valuable equipment and materials from the site. In return, St. Marys agreed to transfer title to some of that equipment to True Grit. The contract provided liquidated damages of $300,000 if True Grit failed to complete the project by March 1, 2023.

True Grit began the project and removed certain of the valuable equipment. It never paid St. Marys the $105,000 contract price. It never completed the demolition work and did not remove the balance of the equipment and materials. It then refused to pay the agreed upon liquidated damages. True Grit and the individual defendants also refused to return the equipment they had removed from the site. It is not entirely clear what happened to the equipment but it appears defendants may have sold it for scrap. After defendants abandoned the project, St. Marys paid another contractor $675,000 to complete the work.

Plaintiff seeks damages in the amount of $720,000. *See* Plaintiff's Motion. (ECF No. 27, PageID.110). In Count I, Plaintiff seeks recovery of $405,000 for True Grit's breach of its contract. The total includes $105,000 which True Grit promised but did not pay. The balance is liquidated damages in the amount $300,000 for True Grit's failure to complete the project by March 1, 2023.

In Count II, plaintiff seeks damages for conversion of the equipment removed from the site by the defendants. Plaintiff claims that equipment was worth $105,000 and that it is also entitled to treble damages under Michigan law, for total damages on Count II of $315,000.

### II.     St. Marys Affidavit

St. Marys filed the Affidavit of its Charlevoix Director of Operations, Matthew Simon in support of these damages. *See* Matthew Simon Aff. (ECF No. 34). Simon reviewed the essential elements of the contract which is attached as Exhibit A to the complaint. Simon attested to the fact that the parties agreed that the equipment and materials which St. Marys would transfer title to at the completion of the project were worth in excess of $105,000. He stated his belief that those items were worth hundreds of thousands of dollars more than that.

He confirmed that despite demands by St. Marys, True Grit never paid St. Marys the agreed upon $105,000 and that it began but never completed the razing, demolition and removal work. He also confirmed that the defendants removed from the site certain of the more valuable equipment and, despite demands by St. Marys, refused to return that equipment after abandoning the project.

Simon confirmed that St. Marys hired another contractor to complete the project at a cost of $675,000.

### III.    Discussion

Based on the record, the Court concludes that plaintiff should be awarded the requested Default Judgment.

### A. Breach of Contract

Michigan law provides that, "[t]he remedy for breach of contract is to place the nonbreaching party in as good a position as if the contract had been fully performed." *Corl v. Huron Castings, Inc.*, 450 Mich. 620, 625; 544 N.W.2d 278 (1996). The contract required True Grit to pay St. Marys $105,000 to raze or demolish and remove certain valuable equipment and scrap materials at St. Marys site in Charlevoix, Michigan. True Grit agreed to complete the work by March 1, 2023, and to pay liquidated damages of $300,000 if it failed to do so.

True Grit did not pay the $105,000 and did not complete the razing, demolition and removal of material from the site by March 1, 2023 – or ever. Under the plain language of the contract, St. Marys is entitled to damages of $405,000 for True Grit's breach of its contract.

### B. Conversion

M.C.L. § 600.2919a provides:

(1)   A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

    (a) Another person's stealing or embezzling property or converting property to the other person's use.

\* \* \* \*

(2)   The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

In his affidavit, Matthew Simon, attested to the fact that True Grit and the individual defendants refused to return the equipment they removed from the site. In doing so, they either stole the equipment or converted it to their own use.

Simon also attested to the fact that the equipment was worth far more than $105,000. Presumably, defendants thought so too or they wouldn't have agreed to pay $105,000 to obtain the contract and then by performing the work, earn title to the equipment. The Court concludes that $105,000 is a fair, if modest, assessment of the equipment's value. Under M.C.L. § 600.2919a, St. Marys is entitled to an award of three times that amount or damages of $315,000.

### IV.     Conclusion

For these reasons, plaintiff should be awarded a judgment in the amount of $405,000 against True Grit individually on the breach of contract claims and $315,000 against defendants jointly and severally on the conversion claim.

### V.     Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for default judgment (ECF No. 26) be **GRANTED** in the total amount of **$720,000**.

If the Court adopts this Report, then I further recommend that plaintiff be allowed to file a motion for attorney fees.


Dated: October 20, 2025            /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).